IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, March 14, 2003

## RICK ALLEN WILLIAMS, v. ANGELA WILLIAMS

**Direct Appeal from the Family Court for Rhea County**
**No. 21402     Hon. James W. McKenzie, Judge**

_____

**FILED MARCH 24, 2003**

_____

**No. E2002-01995-COA-R3-CV**

_____

The Trial Court in this divorce action, granted the parties a divorce and divided marital property. The husband appeals, seeking additional marital property. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Family Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

J. Shannon Garrison, Dayton, Tennessee, for Appellant.

Carol Ann Barron, Dayton, Tennessee, for Appellee.

**OPINION**

The parties to this divorce action were married on May 23, 1997, and separated on December 4, 2000. The Trial Court noted that the marriage "lasted approximately three years" and said "at the time of the marriage [the wife] . . . had in her possession the house in question, also, that at the time of the marriage, Mr. Williams had gotten out of bankruptcy and had nominal assets at the time of the marriage".

After hearing the evidence, the Trial Court granted both parties a divorce and assigned the marital property to the parties. The husband has appealed, insisting that he should have been

awarded one-half of the increase in value in the wife's retirement account during the marriage, and should have been awarded one-half of the increase in the wife's home accruing during the marriage. Also he argues that he should have been awarded the divorce. On appeal, the wife raises the issue of whether the appeal is frivolous.

Tennessee Code Annotated Section 36-4-21(B) includes as marital property "any increase in value during the marriage of, property determined to be separate property . . . if each party substantially contributed to the preservation and appreciation . . . ." As to the husband's claim to one-half of the increase in the value of the 401(k) at the wife's place of employment, the Trial Court held that the increase was marital property, but found: ". . . that Mr. Williams has not made any substantial contributions toward the appreciation or increase in value of said account." While the evidence does not preponderate against this finding, Tenn. R. App. P. 13(d), monies were withheld from the wife's earnings during the marriage and were placed in the 401(k) account. However, we conclude that the distribution of the full 401(k) account to the wife was an equitable distribution under the overall distribution of the assets made by the Trial Court.

The evidence does not preponderate against the Trial Court's finding. Tenn. R. App. P. 13(d).

As to the second issue, i.e., any increase in value of the wife's house, the Court said:

> . . . the Court is asked to rely upon the appraiser submitted as Exhibits 5 and 6, to come up with a value that Mr. Williams feels is appropriate, which would have been around, somewhere around $12,000.00. However, the Court is of the opinion that the use of said documents does not justify a valuation nor can the Court, based upon the proof presented here, come up with a valuation as to Mr. William's theory on the increase in value. The proof is not -- basically what I'm saying is that Mr. Williams has not carried his burden of proof as to the proof in value in regard to the increased value in this case.

Again, the evidence does not preponderate against the Trial Court's finding, and the evidence amply supports that the Trial Judge appropriately granted both parties a divorce.

The wife seeks damages for a frivolous appeal, pursuant to Tenn. Code Ann. § 27-1-122. The record does not establish that the appeal was taken "solely for delay", since the husband was actually seeking to increase his award. We deny the wife's Application for Damages.

The cause is remanded, with the cost of the appeal assessed to Rick Allen Williams.

_____
HERSCHEL PICKENS FRANKS, J.